## Bradley Appeal

*Harry F. Dunn, Jr.*, for appellants.

*Sondra K. Slade* and *Fronefield Crawford*, for appellees.

*John F. Cramp* and *John Butterworth*, for intervenor.

GORBEY, J., June 10, 1970.—This matter comes before the court on an appeal from the decision of the Zoning Hearing Board of the Township of Radnor. It appears that in October of 1969, the Commissioners of the Township of Radnor adopted an ordinance which rezoned premises 145 Strafford Avenue, Wayne, Pa., from its classification of R-4 Residential to C-O Commercial Office.

On November 1, 1969, appellants in this matter filed an appeal with the Radnor Zoning Hearing Board questioning the merits of the rezoning. By order dated December 3, 1969, the zoning hearing board in an opinion and order dismissed the appeal on the grounds that it had no jurisdiction to hear an appeal from an action of the board of commissioners. It is from this order that appellants bring this appeal.

It should be noted that at no time since the rezoning of the property in question has the owner thereof applied for a building or a use or occupancy permit, nor has he given to the Township of Radnor or any of its officers or agents any plan, sketch, design or description of the use of the subject premises looking toward the issuance of any building or use or occupancy permit.

At the time of argument it was agreed by all that prior to January 1, 1969, when the Pennsylvania Municipalities Planning Code of July 31, 1968, Act no. 247, 53 PS §10101, et seq., became effective, the sole

method for testing the constitutionality of a zoning enactment was to file an appeal with a board of adjustment following the issuance or refusal of a building permit. Prior to this, any challenges to the constitutionality would be premature and would not be considered. The issue before us involves whether or not the Pennsylvania Municipalities Planning Code in any way changes prior law in this regard. We are of the opinion that it does not.

Article IX of the code contains the sections providing for the creation of the zoning hearing board together with its powers. Nowhere in this article or in any other part of the act is it provided that the zoning hearing board has the power to determine the constitutionality of an ordinance under the situation here present. As a matter of fact, section 910 specifically provides to the contrary when it states:

"Except as provided in section 912, relating to variances, the board shall have no power to pass upon the validity of any provision of an ordinance or map adopted by the governing body . . ."

In support of their position, appellants point to the last two sentences of section 910, which read as follows:

"Recognizing that challenges to the validity of an ordinance or map may present issues of fact and of interpretation which may lie within the special competence of the board, and to facilitate speedy disposition of such challenges by a court, the board may hear all challenges wherein the validity of the ordinance or map presents any issue of fact or of interpretation, not hitherto properly determined at a hearing before another competent agency or body, and shall take evidence and make a record thereon as provided in section 908. At the conclusion of the hearing, the board shall decide all contested questions of interpretation

and shall make findings on all relevant issues of fact which shall become part of the record on appeal to the court."

We are of the opinion that the legislature did not intend to change existing law with regard to the matter now before us. This is evident by the plain language of the first sentence of section 910. To be sure, realizing the special competence of zoning boards in dealing with issues of fact, the zoning hearing board was given power to hear challenges in situations where there is a grant or denial of a building permit or a use or occupancy certificate for a specific property.

In the case at bar, since no specific application has ever been made, appellants' appeal to the zoning hearing board was premature. We, therefore, make the following:

### ORDER

And now, June 10, 1970, after hearing arguments in the above matter, it is hereby ordered and decreed that the appeal of Thomas J. Bradley, Donald W. Breimhurst and Lawrence M. DeNicola from the opinion and order of the Zoning Hearing Board of the Township of Radnor, be and the same is hereby dismissed.